J. Mark Chevallier (State Bar No. 04189170)
David L. Woods (State Bar No. 24004167)
James G. Rea (State Bar No. 24051234)
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, Texas 75201
Telephone: (214) 954-6800
Facsimile: (214) 954-6850
Email: mchevallier@mcslaw.com
Email: dwoods@mcslaw.com
Email: jrea@mcslaw.com
PROPOSED ATTORNEYS FOR DEBTOR AND
DEBTOR-IN-POSSESSION

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO. 10-31814-BJH-11 |
| TARAZ KOOH, LLC, | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | Interim Hearing Set: |

## DEBTOR'S EMERGENCY MOTION FOR AN INTERIM AND FINAL ORDER (A) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 105, 361, 362, AND 363(c); (B) GRANTING ADEQUATE PROTECTION; AND (C) REQUEST FOR INTERIM HEARING BEFORE MARCH 17, 2010

TARAZ KOOH, LLC, a Texas limited liability company, as debtor and debtor-in-possession (the "Debtor"), moves this Court for entry of an (a) order authorizing the Debtor pursuant to Section 363(c) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code") and Rules 2002, 4001(c) and (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule of Bankruptcy Procedure 4001, to use cash collateral within the meaning of Bankruptcy Code § 363(a) (the "Cash Collateral"), pursuant to Bankruptcy Code § 363(c) and (b) providing adequate protection, pursuant to Bankruptcy Code §§ 361, 363(e) and 364(d), and in support thereof respectfully states as follows:

# I. JURISDICTION AND VENUE

1. On March 14, 2010, (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is continuing in possession of its property, and operating and managing its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over the Chapter 11 Case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1408 and 1409.

# II. BACKGROUND

4. The factual background regarding the Debtor, including its current and historical business operations and the events precipitating this chapter 11 filing, is set forth in the Affidavit of Alireza Morirahimi in Support of First Day Motions (the "Morirahimi Affidavit"), and is incorporated herein by reference.

# III. EXISTING SECURED INDEBTEDNESS

5. On February 1, 2008, Debtor, as Borrower, executed a Promissory Note in the original principal amount of $16,785,000.00 (the "Note") payable to the order of Column Financial, Inc. ("Column Financial").

6. The Note is purportedly secured by a first priority, properly perfected deed of trust lien on and security interest in a certain Doubletree Hotel located at 1981 North Central Expressway, Richardson, Texas 75080, (the "Doubletree Hotel Richardson"), as more particularly described on Exhibit A to that certain Deed of Trust, Security Agreement and Financing Statement dated February 1, 2008, and filed of record in the Official Public Records of

Dallas County, Texas, Document No. 20080035758 (the "Deed of Trust"), and an Assignment of Leases and Rents dated February 1, 2008 (the "Assignment of Rents").

7. On November 17, 2008, Column Financial, as Assignor, executed an Assignment of the Note and Deed of Trust to Wells Fargo Bank, N.A., as trustee for the registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2008-C1, ("Trustee"). On May 18, 2009, Column Financial, as Assignor, executed an Assignment of the Assignment of Rents in favor of the Trustee.

8. As of the Petition Date, the Debtor is purportedly indebted to the Trustee in the principal amount of approximately $16,503,721.21.

## IV. NEED FOR USE OF CASH COLLATERAL

9. The Trustee contends that the Debtor's cash, deposit and checking account balances, and the income generated from the operations of the Doubletree Hotel Richardson, constitute the Trustee's cash collateral as defined in the Bankruptcy Code (the "Cash Collateral").

10. The Debtor is unable to operate its business without use of the Cash Collateral. The Debtor has prepared a Cash Collateral Budget through the period ending March 31, 2010, which is attached hereto as **Exhibit A** setting forth the amount of Cash Collateral needed by the Debtor to operate its business, including payment of its employees, vendors, lessors and tax liabilities.

11. The Debtor believes it will have an agreement on the interim use of cash collateral with the Trustee prior to the Interim Hearing on this Motion. In the event an agreement is not reached, the Debtor requests authority to use the Cash Collateral as set forth herein.

12. For purposes of this Motion only, the Debtor does not contest the validity of the security interest of the Trustee in the Cash Collateral. However, the Debtor reserves the right to contest such interest and/or seek avoidance of same should a basis for that action be discovered during the course of the Bankruptcy Case.

13. The Debtor seeks authorization to use Cash Collateral on an interim and final basis pursuant to Section 363 of the Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure, in order to operate its business and make payments that arise in the administration of this Bankruptcy Case in the ordinary course of business.

14. The Debtor needs to begin making use of Cash Collateral immediately.

15. The Debtor requires such interim authorization for use of Cash Collateral to fund certain critical operating expenses such as payroll, basic overhead costs (e.g., utilities), and other operating expenses associated with the ongoing conduct of its business in the ordinary course. The interim use of Cash Collateral requested by the Debtor for the period ending March 15, 2010, is described on **Exhibit A** which is attached hereto and incorporated herein by reference (the "Interim Budget").

16. The Debtor's use of the Trustee's Cash Collateral is, and will continue to be, more than adequately protected, because the Debtor will agree to provide the Trustee replacement liens and security interests in and upon all of the properties and assets of the estate, real or personal, described in the Deed of Trust and Assignment of Rents, together with the proceeds, products and offspring of such assets, but specifically excluding causes of action and recoveries under Chapter 5 of the Bankruptcy Code (the "Adequate Protection Liens"). The Debtor agrees that the Adequate Protection Liens granted to the Trustee shall be of the same priority as its pre-petition liens and security interests and in the case of assets acquired by the Debtor on and after the

Petition Date, such replacement lien shall be granted solely to the extent of any diminution in the value of the Trustee's collateral occurring on and after the Petition Date.

17. To the extent such adequate protection is insufficient to adequately protect the Trustee's interest in Cash Collateral, the Debtor agrees to allow the Trustee a superpriority administrative expense claim and all other benefits and protections allowable under Bankruptcy Code § 507(b).

## V. RELIEF REQUESTED

18. 11 U.S.C. § 363 provides generally that a Chapter 11 debtor may not use, sell or lease cash collateral unless each party with an interest in the collateral consents or unless the Court, after notice and a hearing, authorizes such use, sale or lease. 11 U.S.C. §§ 363(c)(2) and 1107(a). Pursuant to 11 U.S.C. § 363, the Debtor requests authorization to use cash collateral on an interim basis as set forth on **Exhibit A**.

19. The Debtor believes that it is appropriate for the Court to grant the Trustee certain adequate protection for the use of the Cash Collateral including the following: (i) a continuing valid and perfected replacement lien and security interest in all of the Debtor's fixed assets to the same extent and in the same priority as such lien existed pre-petition, without need for any further action or filing; (ii) a first priority post-petition lien and security interest in any and all of the Debtor's assets which are or have been acquired, generated, or received by the Debtor subsequent to the Petition Date, if any, solely to the extent of any diminution in the value of the Collateral and/or the Cash Collateral occurring from the Petition Date forward; and (iii) an administrative claim and all other benefits and protections allowable under 11 U.S.C. § 507(b),

subject to a determination of the amount of such claim by the Court, to the extent any grant of adequate protection is insufficient to adequately protect the interests held by the Trustee.

## VI.
## REQUEST FOR INTERIM HEARING ON RELIEF REQUESTED HEREIN

20. Pursuant to Bankruptcy Rule 4001(b), the Debtor requests that the Court conduct an initial interim hearing on this Motion prior to March 17, 2010 due to the Debtor's need to release payroll checks and pay for ongoing food and beverage deliveries which are vital to Debtor's ongoing operations. At the initial interim hearing on this Motion, the Debtor only requests authorization to use cash collateral as described on **Exhibit A**. The proposed use of cash collateral through the week ending March 31, 2010, and prior to the entry of the final order, is necessary to avoid immediate and irreparable injury to the Debtor's estate.

## VII. NOTICE

21. The relief requested in this Motion has been given to (i) the Office of the United States Trustee, (ii) the creditors holding the 20 largest unsecured claims against the Debtor; and (iii) known holders of pre-petition liens against the Debtor's property. No official committee of unsecured creditors (the "Committee") has as yet been appointed in the Chapter 11 Case.

WHEREFORE, the Debtor respectfully prays that this Court set this Motion for an interim hearing, and authorize the Debtor to use cash collateral as described herein through the period ending March 31, 2010, with further relief to be considered at subsequent interim and final hearings. Furthermore, the Debtor prays for such other relief to which it may be justly entitled.

Respectfully Submitted,

/s/ J. Mark Chevallier (03/15/2010)
J. Mark Chevallier
State Bar No. 04189170
David L. Woods
State Bar No. 24004167
James G. Rea
State Bar No. 24051234
McGuire, Craddock & Strother, P.C.
2501 N. Harwood, Suite 1800
Dallas, Texas 75201
Telephone: (214) 954-6800
Facsimile: (214) 954-6868
**Proposed Attorneys for Debtor and Debtor-in-Possession**

## Certificate of Conference

I, the undersigned attorney, do hereby certify that I have had, and continue to discuss terms of an agreed interim cash collateral order with counsel for the Debtor's lender. I have also contacted the United States Trustee's office regarding this matter.

/s/ J. Mark Chevallier (03/15/2010)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this pleading was served via facsimile, electronic mail or by Overnight Mail, on the parties listed below on this 15th day of March, 2010.

**Via Email**
William R. Greendyke
wgreendyke@fulbright.com
John Schwartz
jschwartz@fulbright.com
Brian Larson
blarson@fulbright.com
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
ATTORNEYS FOR WELLS FARGO AS TRUSTEE

ATTACHED SERVICE LIST

/s/ J. Mark Chevallier  (03/15/2010)
**J. Mark Chevallier**

| | | |
|---|---|---|
| Alireza Morirahimi and<br>Parvin Mosavi<br>4605 Kellner Place<br>Plano, TX 75093 | Alliant - Food - Service [U. S. Food]<br>P. O. Box 843202<br>Dallas, TX 75284 | Am Trust North America Inc.<br>5800 Lombardo Center<br>Cleveland, OH 44131 |
| ASSA ABLOY Hospitality Inc.<br>631 International Pkwy.<br>Richardson, TX 75081 | AT&T<br>4513 Western Ave.<br>Lisle, IL 60532 | Cabling Solutions<br>P. O. Box 11155<br>Murfreesboro, TN 37129 |
| Chandler Signs<br>3201 Manor Way<br>Dallas, TX 75235 | City of Richardson<br>c/o Health Permit Dept.<br>P. O. Box 830129<br>Richardson, TX 75083-1907 | City of Richardson<br>Tax Department<br>P. O. Box 830129<br>Richardson, TX 75083-1907 |
| City of Richardson<br>Tax Department<br>P. O. Box 830129<br>Richardson, TX 75083-1907 | City of Richardson [Water/Trash]<br>P. O. Box 831907<br>Richardson, TX 75083 | Dallas County Tax Assessor-Collection<br>c/o John R. Ames<br>P. O. Box 139066<br>Dallas, TX 75313-9066 |
| Guest Supply, Inc.<br>P. O. Box 910<br>Monmouth Junction, NJ 08852 | Hardie Fruit & Vegetable Co., LP<br>P. O. Box 610484<br>Dallas, TX 75261 | Hatchett Hospitality, Inc.<br>5295 East Shelby Dr.<br>Memphis, TN 38118 |
| HD Supply Facilities Maint.<br>P. O. Box 509058<br>San Diego, CA 92150 | Hilton Hotels Corporation<br>4649 Paysphere Circle<br>Chicago, IL 60674 | Internal Revenue Service<br>Special Procedures-Insolvency<br>P. O. Box 21126<br>Philadelphia, PA 19114 |
| LodgNet Entertainment Corp.<br>P. O. Box 952141<br>St. Louis, MO 63195 | Pierce Pump Co., Inc.<br>P. O. Box 560727<br>Dallas, TX 75356 | Precision Landscape Mgmt.<br>2222 Valwood Parkway<br>Dallas, TX 75234 |
| Richardson ISD<br>400 S. Greenville Ave.<br>Richardson, TX 75081 | Sysco Food Services of Dallas<br>P. O. Box 560700<br>Lewisville, TX 75056 | Texas Alcoholic Beverage Commission<br>P. O. Box 13127<br>Austin, TX 78711 |
| Texas Comptroller of<br>Public Accounts<br>Revenue Acct. Div-Bankruptcy Sec<br>P. O. Box 13528<br>Austin, TX 78711 | Trane<br>P. O. Box 845053<br>Dallas, TX 75284 | Vendor Capital Group<br>P. O. Box 27867<br>Raleigh, NC 27611 |
| Midland Loan Services, Inc.<br>c/o W. Greendyke, J. Schwaitz & B. Larson<br>Fulbright & Jaworski L.L.P.<br>2200 Ross Ave., Suite 2800<br>Dallas, TX 75201-2784 | Wells Fargo Bank, N.A., as Trustee<br>c/o W. Greendyke, J. Schwaitz & B. Larson<br>Fulbright & Jaworski, L.L.P.<br>2200 Ross Ave., Suite 2800<br>Dallas, TX 75201-2784 | Taraz Kooh, LLC<br>1981 N. Central Expressway<br>Richardson, TX 75080 |

Office of the U. S. Trustee
c/o Mary Fran Durham
1100 Commerce Street, Rm 976
Dallas, TX 75242

# DoubleTree @richardson
## Profit & Loss
### March 15th-31st 2010 Budget

|  |  |  | Ratios |
|---|---|---:|---:|
| Available Rooms |  | 4,998 |  |
| Occupied Rooms |  | 2,049 |  |
| ADR |  | $90.74 |  |
| Occupancy |  | 41.0% |  |
| RevPAR | $ | 37.20 |  |
| **Departmental Revenue** |  |  |  |
| Rooms | $ | 185,929 | 68.7% |
| Retail / Rent | $ | - | 0.0% |
| Food, Beverage & Banquet | $ | 53,400 | 19.7% |
| Telephone | $ | 250 | 0.1% |
| State Occupancy Tax 6% | $ | 11,155 | 4.1% |
| City Occupancy Tax 7% | $ | 13,015 | 4.8% |
| Food Sales Tax 8.25% | $ | 3,894 |  |
| Beverage Tax 14% | $ | 868 |  |
| Other: Other | $ | 1,960 | 0.7% |
| **Gross Potential Income** | $ | 270,471 | 98.2% |
| **Departmental Expenses** |  |  |  |
| Rooms | $ | 55,637 | 29.9% |
| Retail / Rent | $ | - | 0.0% |
| Food, Beverage & Banquet | $ | 47,526 | 89.0% |
| Telephone | $ | 365 | 146.0% |
| State Occupancy Tax 6% | $ | 11,155 |  |
| City Occupancy Tax 7% | $ | 13,015 |  |
| Food Sales Tax 8.25% | $ | 3,894 |  |
| Beverage Tax 14% | $ | 868 |  |
| Other Expenses: (DE) : | $ | 4,750 | 242.3% |
| **Total Departmental Expenses** | $ | 137,210 | 50.7% |
| **GROSS OPERATING PROFIT** | $ | 133,261 | 49.3% |
| **General & Unappl. Expenses** |  |  |  |
| General & Administrative | $ | 9,500 | 3.5% |
| Marketing | $ | 15,368 | 5.7% |
| Repairs & Maintenance | $ | 14,250 | 5.3% |
| Utilities | $ | 25,500 | 9.4% |
| Franchise | $ | 7,437 | 2.7% |
| Management Fee | $ | 7,246 | 2.7% |
| hilton support/internet/priority club | $ | 6,039 | 2.2% |
| **Total Gen. & Unapplied Exp.** | $ | 85,340 | 31.6% |
| **HOUSE PROFIT** | $ | 47,921 | 18% |
| **Other Operating Costs** |  |  |  |
| Furnitur Lease | $ | 5,978 | 2% |
| Insurance | $ | 3,708 | 1% |
| Health Insurance | $ | 8,950 | 3% |
| Other Expenses: 3 (Op Costs) | $ | 10,500 | 4% |
| **Total Other Operating Costs** | $ | 29,136 | 10.77% |
| **NET OPERATING INCOME** | $ | 18,785 | 6.9% |
|  |  |  | 0% |
| **NET CASH FLOW** | $ | 18,785 | 7% |



EXHIBIT A